THE ROMAN CATHOLIC CHURCH, ETC., Plaintiff and Appellee, *v.* COMBATE TOBACCO CORPORATION, Defendant and Appellant.

No. 4868. Argued February 4, 1930.—Decided June 5, 1931.

*J. Martínez Dávila* and *De La Torre & Ramírez* for appellant.
*Monserrat & Monserrat* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

The Combate Tobacco Corporation appeals from a decree ordering the removal of an obstruction, which, if permitted to remain, would deprive plaintiff of an easement of light and view.

The district court held that the easement in question, which involved the use of certain windows in a church edifice, was an apparent servitude. This is assigned as error.

The windows were in a wall built on land belonging to plaintiff. Defendant was the owner of a one-story building on an adjoining lot. The obstruction was a second story erected by defendant. The servitude was negative. Appellant insists that it was not apparent. In support of this view it cites decisions by the Supreme Court of Spain, of February 8, 1899, June 16, 1902, February 9, 1907, and January 8, 1908, 4 Manresa 579, 580, and I Morell, *Legislación Hipotecaria*, 341, 342.

Sections 544 to 547 inclusive of the Civil Code read as follows:

"Sec. 544. Continuous and apparent servitudes are acquired either by virtue of a title or by prescription after twenty years.

"Sec. 545. In order to acquire by prescription the servitudes referred to in the preceding section, the time of possession shall be counted, in positive servitudes, from the day on which the owner of the dominant tenement or the person who has made use of the servitude shall have begun to exert it over the servient tenement; and in negative servitudes, from the day on which the owner of the dominant tenement shall have, by a formal act, prohibited the owner of the servient tenement to execute the act which would be legal without the servitude.

"Sec. 546. Continuous and not apparent servitudes, and discontinuous servitudes, either apparent or not apparent, can only be acquired by virtue of a title.

"Sec. 547. The want of a title establishing servitudes which cannot be acquired by prescription can only be remedied by deed of acknowledgment, executed by the owner of the servient tenement or by a final judgment."

Negative servitudes by reason of a certain positive aspect may be apparent to the most casual observer of a dominant tenement. 4 Manresa, 578, 579. Servitudes of light and view are a conspicuous example and the framers of the Civil Code must have had them in mind when section 545 was drafted. Section 544 deals exclusively with continuous and apparent servitudes. Section 545 specifies the manner in which such servitudes may be acquired by prescription. By express provision thereof in the case of negative servitudes the time is to be counted "from the day on which the owner of the dominant tenement shall have, by a formal act, prohibited the owner of the servient tenement to execute the act which would be legal without the servitude." The negative servitudes here mentioned are those which are also apparent because the scope of section 545 is limited by the first clause thereof to "the servitudes referred to in the preceding section" namely, "continuous and apparent servitudes," and because by the express terms of section 546 "continuous and not apparent servitudes and discontinued servitudes, either

apparent or not apparent, can only be acquired by virtue of a title.''

The notice given by an alleged owner of a servitude of light and view is a typical example of that class of cases in which the doing of an act by the owner of the servient tenement is or may be prohibited. Perhaps other examples might be given, but none has been suggested in the instant case. On the other hand, the Supreme Court of Spain has repeatedly held that the title to a servitude of light and air may be acquired by prescription, and this court has taken the same view. *Díaz* v. *Guerra,* 18 P.R.R. 787, and cases cited.

The obvious conclusion is that servitudes of light and view may be and usually are apparent.

The second, third, and fourth contentions of appellant are that the district court erred: In holding that a negative, continuous, non-apparent servitude of light and view could be acquired by prescription; in holding that an interdict is a final judgment and binding upon a third person although not recorded in the registry of property, and in holding that plaintiff was entitled to a servitude of light and view.

Here, appellant does not mean to say that the district court considered the servitude non-apparent, but assumes that the court erred in treating it as an apparent servitude.

The district court did not hold that an interdict is a final judgment and binding upon a third person although not recorded in the registry of property. The interdict referred to was a decree entered by the *Real Audiencia de Puerto Rico* in March, 1897, restraining the erection of a second story by one Tarazone, predecessor in interest of defendant herein. What the district court held was that this decree served to fix the date from which the time necessary to acquire a title by prescription could be counted. In this there was no error. That period expired in March, 1917, and a servitude of light, air, and view was thereby established upon the property now owned by the Combate Tobacco Corporation.

The church wall was something over twelve meters in

height and something less than two meters thick. At a height of eight meters from the floor there was a row of five windows at intervals of three meters more or less. Each window was more than a meter and a half, both in height and in width. There were no joists immediately above the windows. The walls of the church were surmounted by a dome. There were no iron grates nor wire screens to suggest an enlarged substitute for the thirty-centimeter openings contemplated by section 588 of the code. These windows had been in use for more than forty years with full knowledge and without objection or opposition on the part of defendant or of its predecessors in interest. When defendant purchased the adjoining property, it knew that a servitude of light, air, and view could be acquired by prescription. It knew that these windows were not the regulation openings authorized by section 588. The windows themselves were a warning not to rely upon any presumption of mere tolerance. They were enough to put any prospective purchaser upon inquiry, and inquiry would have informed the Combate Tobacco Corporation (if not already informed as a matter of fact by its vendor) as to the existence of a servitude. The tobacco company was not an innocent purchaser nor entitled to the protection of the Mortgage Law as a "third person," notwithstanding the fact that plaintiff's title to the easement had not been recorded in the registry of property.

In view of the state of the law concerning servitudes, the judgment appealed from will be modified by elimination of the pronouncement as to costs, and, as modified, affirmed.

MR. JUSTICE WOLF, dissenting.

My principal if not my only ground for dissent is that the defendant was a third person who had no notice from the registry of the existence of a servitude. As windows or the like may exist by mere tolerance, I maintain that no duty was imposed upon a purchaser to ascertain whether or not a servitude had been created either by title or by prescription. I agree that there is no presumption of tolerance, but

I maintain that there is no presumption from external signs like windows that a servitude exists. The burden, in my opinion, was on the plaintiff to show positively that the defendant was not a third person.